DAVID A. HUBBERT
Deputy Assistant Attorney General

CONNOR J. PESTOVICH (NM Bar 159189)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
Phone: 202-616-2378
Fax: 202-307-0054
Connor.Pestovich@usdoj.gov

*Attorney for the United States of America*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK LINN BRYAN; LORI BRYAN, a/k/a LORI MARTIN, individually and as trustee of the LORI M. BRYAN SEPARATE PROPERTY REVOCABLE TRUST; CENTRAL MORTGAGE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; STATE OF CALIFORNIA FRANCHISE TAX BOARD; PHONXAY KEOKHAM, San Joaquin County Treasurer-Tax Collector; CITIBANK SOUTH DAKOTA, N.A.; CHASE MANHATTAN BANK USA, N.A.,<br><br>Defendants. | No.<br><br>**COMPLAINT TO REDUCE TAX ASSESSMENTS TO JUDGMENT AND FORECLOSE ON REAL PROPERTY** |

The United States of America, by and through its undersigned counsel, complains and alleges as follows:

1. The United States brings this civil action to reduce to judgment certain outstanding federal tax assessments against Defendant Mark Linn Bryan and to foreclose federal tax liens on

Complaint to Reduce Tax Assessments to
Judgment and Foreclose on Real Property    1

real property commonly known as 10301 Newfield Road, Lodi, CA 95240 ("Subject Property"). The Subject Property is also sometimes known as 10301 E. Newfield Road, Lodi, CA 95240.

## JURISDICTION AND VENUE

2. This action is authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States, in accordance with 26 U.S.C. §§ 7401 and 7403.

3. This Court has jurisdiction over this action under 26 U.S.C. §§ 7402 and 7403, and 28 U.S.C. §§ 1340 and 1345.

4. Because Mr. Bryan resides in this judicial district, the federal tax liabilities that are the subject of this action arose in this district, and the Subject Property is located in this district, venue lies in the Eastern District of California under 28 U.S.C. §§ 1391(b) and 1396.

## SUBJECT PROPERTY

5. The United States seeks to foreclose its tax liens against the Subject Property located in the County of San Joaquin, commonly known as 10301 Newfield Road, Lodi, CA 95240. Following is a legal description of the Subject Property:

> all the real property situated in the UNINCORPORATED AREA, County of San Joaquin, State of California, described as:
>
> A PORTION OF SECTION TEN (10), TOWNSHIP THREE (3), RANGE SEVEN (7) EAST, MOUNT DIABLO BASE AND MERIDIAN, DESCRIBED AS FOLLOWS:
>
> BEGINNING AT THE NORTHEAST CORNER OF THE SOUTH ONE-HALF OF THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 10, TOWNSHIP 3 NORTH, RANGE 7 EAST, MOUNT DIABLO BASE AND MERIDIAN, RUNNING THENCE 0° 00' 40" EAST 386.13 FEET ALONG SECTION LINE TO A STEEL AXLE AND BEING THE POINT OF BEGINNING OF THE HEREIN DESCRIBED TRACT; THENCE CONTINUING ALONG SECTION LINE, SOUTH 0° 00' 40" EAST 277.00 FEET TO AN IRON PIPE AT THE SOUTHEAST CORNER OF THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SAID SECTION 10; THENCE 89° 49' 40" WEST 1320.88 FEET ALONG THE SOUTH LINE OF THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SAID SECTION 10 TO IRON PIPE AT THE SOUTHWEST CORNER OF THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 10; THENCE 0° 00' 20" WEST ALONG THE WEST LINE OF THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SAID SECTION, 269.0 FEET TO A STEEL AXLE; THENCE NORTH 89° 49' 30" EAST 1320.87 FEET TO THE POINT OF BEGINNING.

6. The Assessor's Parcel Number for the Subject Property is 051-130-14.

7. Mr. Bryan and his wife Lori Bryan, aka Lori Martin, first acquired the Subject Property by virtue of a Grant Deed dated September 22, 1995, which is attached as Exhibit A.

Complaint to Reduce Tax Assessments to
Judgment and Foreclose on Real Property     2

8. Mr. Bryan and Mrs. Bryan are currently co-owners of the Subject Property. The Subject Property was held as community property when, or after, Mr. Bryan incurred the federal tax liabilities discussed in paragraph 18, below.

**DEFENDANTS**

9. Mr. Bryan is named as a defendant in this action because he has unpaid federal tax liabilities and co-owns the Subject Property.

10. Mrs. Bryan is named as a defendant, in her individual capacity and as trustee of the Lori M. Bryan Separate Property Revocable Trust, because she co-owns the Subject Property.

11. Central Mortgage Company is named as a defendant, under 26 U.S.C. § 7403(b), because it may claim an interest in the Subject Property.

12. Mortgage Electronic Registration Systems, Inc. is named as a defendant, under 26 U.S.C. § 7403(b), because it may claim an interest in the Subject Property.

13. State of California Franchise Tax Board is named as a defendant, under 26 U.S.C. § 7403(b), because it may claim an interest in the Subject Property.

14. Phonxay Keokham, San Joaquin County Treasurer-Tax Collector, is named as a defendant, under 26 U.S.C. § 7403(b), because San Joaquin County may claim an interest in the Subject Property.

15. Citibank South Dakota, N.A. is named as a defendant, under 26 U.S.C. § 7403(b), because it may claim an interest in the Subject Property.

16. Chase Manhattan Bank USA, N.A. is named as a defendant, under 26 U.S.C. § 7403(b), because it may claim an interest in the Subject Property.

**FEDERAL TAX LIABILITIES AND LIENS**

17. Mr. Bryan, a self-employed machinist or manufacturer, did not file tax returns for the years indicated in paragraph 18, below. Pursuant to 26 U.S.C. § 6020(b), the IRS calculated taxes due from Mr. Bryan for the tax years indicated in paragraph 18, below, based on information obtained by the IRS from third parties.

18. On the dates and in the amounts described in the table below, a duly authorized delegate of the Secretary of the Treasury of the United States made timely assessments against Mr. Bryan for federal income tax liabilities as follows:

| Tax | Period | Assessment Date | Assessment Amount | Outstanding Balance[1] as of October 31, 2022 |
|---|---|---|---|---|
| 1040 | 2013 | 04/29/2019 | $18,446.86 | $22,638.52 |
| 1040 | 2014 | 04/29/2019 | $42,902.98 | $49,496.90 |
| 1040 | 2015 | 04/29/2019 | $46,253.10 | $55,118.67 |
| 1040 | 2016 | 04/29/2019 | $67,264.38 | $83,112.22 |
| 1040 | 2017 | 04/29/2019 | $74,996.12 | $96,506.36 |
| | | | **Total as of October 31, 2022:** | **$306,872.67** |

19. A duly authorized delegate of the Secretary of the Treasury of the United States gave timely notice of the assessments described in paragraph 18, above, to Mr. Bryan, and made a demand for payment of these assessments on Mr. Bryan, as required by 26 U.S.C. § 6303.

20. Despite timely notice and demand for payment of the assessments described in paragraph 18, above, Mr. Bryan has neglected, refused, or failed to fully pay these assessments.

21. Since the dates of the assessments described in paragraph 18, above, interest, penalties, and other statutory additions have accrued and will continue to accrue as provided by law. As of October 31, 2022, Mr. Bryan owes the United States $306,872.67 for the assessments made against him described in paragraph 18, above.

22. As a result of the unpaid assessments described in paragraph 18, above, together with Mr. Bryan's refusal or neglect to pay the assessed sums upon the IRS giving notice and making demand for payment, pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose in favor of the United States upon all property and rights to property belonging to Mr. Bryan as of the date of each assessment.

---

[1] This outstanding balance includes accrued interest, penalties, and other statutory additions through October 31, 2022.

Complaint to Reduce Tax Assessments to
Judgment and Foreclose on Real Property    4

23. In order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded a Notice of Federal Tax Lien regarding the tax assessments described in paragraph 18, above, with the San Joaquin County Recorder on July 15, 2019.

**FIRST CLAIM FOR RELIEF:**
**REDUCE FEDERAL TAX ASSESSMENTS AGAINST MR. BRYAN TO JUDGMENT**

24. The United States reasserts the allegations made in paragraphs 1 through 23, above, as if fully set forth here.

25. The United States is entitled to a judgment against Mr. Bryan for the unpaid balance of the assessments described in paragraph 18, above, which as of October 31, 2022, totals $306,872.67, less any additional credits according to proof, plus interest and other statutory additions accruing to the date of payment.

**SECOND CLAIM FOR RELIEF:**
**FORECLOSE FEDERAL TAX LIENS AGAINST THE SUBJECT PROPERTY**

26. The United States reasserts the allegations made in paragraphs 1 through 25, above, as if fully set forth here.

27. Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose on the assessment dates shown on the table in paragraph 18, above, in favor of the United States and attached by operation of law to all of Mr. Bryan's property and rights to property, including the Subject Property. The United States perfected these lien interests by filing a notice of its tax liens with the San Joaquin County Recorder, as described in paragraph 23, above.

28. The federal tax liens arising from the assessments described in paragraph 18, above, have priority over all interests in the Subject Property acquired after the attachment of the federal tax liens, subject to the provisions of 26 U.S.C. § 6323.

29. Pursuant to 26 U.S.C. § 7403(c), the United States may enforce its tax liens by foreclosing upon and selling the Subject Property, and is entitled to a decree of sale of the Subject Property to enforce its tax liens.

Complaint to Reduce Tax Assessments to
Judgment and Foreclose on Real Property     5

WHEREFORE, the United States respectfully requests that the Court grant the following relief:

A. That this Court enter judgment in favor of the United States and against Mr. Bryan for unpaid federal income taxes for the 2013, 2014, 2015, 2016, and 2017 tax years in the amount of $306,872.67, less any additional credits according to proof, plus statutory interest and other statutory additions accruing after October 31, 2022;

B. That this Court determine and adjudge that the United States has valid federal tax liens for unpaid federal income tax liabilities for the 2013, 2014, 2015, 2016, and 2017 tax years against all property and rights to property of Mr. Bryan, including, but not limited to, his interest in the Subject Property;

C. That the federal tax liens against Mr. Bryan encumbering the Subject Property be foreclosed, and that the Subject Property be sold to satisfy the liens and outstanding delinquent federal tax assessments against Mr. Bryan subject to the rights of the remaining defendants in the Subject Property;

D. That this Court determine the validity and priority of all liens on and other interests in the Subject Property and order that the proceeds from any judicial sale of such property be distributed accordingly; and

E. That this Court grant the United States its costs in this action and such other further relief as the Court deems just and proper.

Dated: October 31, 2022.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Connor J. Pestovich
CONNOR J. PESTOVICH
Trial Attorney, Tax Division
U.S. Department of Justice

*Attorney for the United States*

Complaint to Reduce Tax Assessments to
Judgment and Foreclose on Real Property   6

# EXHIBIT A

Recording Requested by:  95088330
Commonwealth Land Title Insurance Company
Escrow No.: 200267JM

WHEN RECORDED MAIL TO:
MARK L. BRYAN AND
LORI M. BRYAN
2700 Bayberry Drive
Lodi, Ca., 95242

DOCUMENTARY TRANSFER TAX 148.50
COUNTY
CITY

RECORDER
COUNTY CLERK
JAMES M. JOHNSTONE
95 SEP 25 AM 8:00
SAN JOAQUIN COUNTY
COMMONWEALTH LAND TITLE INS. CO.
FEE _____

SPACE ABOVE THIS LINE FOR RECORDER'S USE      9-1

MAIL TAX STATEMENTS TO:
MARK L. BRYAN AND
LORI M. BRYAN
2700 Bayberry Drive
Lodi, Ca., 95242

The undersigned Grantor(s) declare(s) that the DOCUMENTARY TRANSFER TAX IS: $ 148.50  County
X  computed on full value of property conveyed; OR
___ computed on full value less value of liens and encumbrances remaining at time of sale.
___ Unincorporated area:   X   UNINCORPORATED AREA, and

# GRANT DEED

A.P.N. 051-130-14

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
HARRY BRANDT, A MARRIED MAN DEALING WITH HIS SEPARATE PROPERTY
hereby GRANT(S) to MARK L. BRYAN AND LORI M. BRYAN, HUSBAND AND WIFE AS JOINT TENANTS
all the real property situated in the UNINCORPORATED AREA, County of San Joaquin, State of California, described as:

A PORTION OF SECTION TEN (10), TOWNSHIP THREE (3), RANGE SEVEN (7) EAST, MOUNT DIABLO BASE AND MERIDIAN, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEAST CORNER OF THE SOUTH ONE-HALF OF THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 10, TOWNSHIP 3 NORTH, RANGE 7 EAST, MOUNT DIABLO BASE AND MERIDIAN, RUNNING THENCE 0° 00' 40" EAST 386.13 FEET ALONG SECTION LINE TO A STEEL AXLE AND BEING THE POINT OF BEGINNING OF THE HEREIN DESCRIBED TRACT; THENCE CONTINUING ALONG SECTION LINE, SOUTH 0° 00' 40" EAST 277.00 FEET TO AN IRON PIPE AT THE SOUTHEAST CORNER OF THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SAID SECTION 10; THENCE 89° 49' 40" WEST 1320.88 FEET ALONG THE SOUTH LINE OF THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SAID SECTION 10 TO IRON PIPE AT THE SOUTHWEST CORNER OF THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 10; THENCE 0° 00' 20" WEST ALONG THE WEST LINE OF THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SAID SECTION, 269.0 FEET TO A STEEL AXLE; THENCE NORTH 89° 49' 30" EAST 1320.87 FEET TO THE POINT OF BEGINNING.

Date   September 22, 1995

_Harry Brandt_
HARRY BRANDT

Form 3195-1 (Rev. 1-94)

95088330

| | |
|---|---|
| State of California | Title or Type of Document _____ |
| County of: SAN JOAQUIN } SS. | Number of Pages _____ Date of Document _____ |
| | Signer(s) Other than named below _____ |

On SEPTEMBER 22, 1995 before me, SANDY DEUTSCHER,
Notary Public, personally appeared HARRY BRANDT,
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature *Sandy Deutscher* (Seal)
SANDY DEUTSCHER

FD-1 (Revised 1/93)

[Notary Seal: SANDY DEUTSCHER, Comm. # 1026064, NOTARY PUBLIC - CALIFORNIA, San Joaquin County, My Comm. Expires May 15, 1996]

25 x 10       32 x 10