1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   United States of America,                    No. 2:22-cv-01962-KJM-AC

12                    Plaintiff,                   ORDER

13        v.

14   Mark Linn Bryan, et al.,

15                    Defendants.

16

17        The United States brings this action to enforce a federal tax lien against *pro se* defendant

18   Mark Linn Bryan and other defendants.  *See generally* Compl., ECF No. 1.  Instead of filing a

19   responsive pleading under Federal Rules of Civil Procedure 7 and 8, Mr. Bryan submitted a

20   document titled "Conditional Acceptance of Summons in a Civil Case No. 2:22-CV-01962-AC,"

21   which the court refers to as his "conditional acceptance" for convenience—without

22   acknowledging he has "accepted" anything.  *See* Conditional Acceptance at 1, ECF No. 14.  The

23   government responded by characterizing the filing as a motion for a more definite statement

24   under Federal Rule of Civil Procedure 12(e) and urging the court to deny the motion.  *See* U.S.

25   Resp. at 2, ECF No. 29.  As explained in the first section below, the court liberally construes the

26   filing as a motion for a more definite statement and **denies** the motion.

27        Mr. Bryan has filed many other documents beyond his purported conditional acceptance.

28   As explained in the second section below, these other filings are **stricken**.

                                              1

## I.     MOTION FOR A MORE DEFINITE STATEMENT

The United States seeks to foreclose its tax liens against property owned by Mr. Bryan. Compl. ¶¶ 5, 8.  The government avers Mr. Bryan did not file tax returns or otherwise pay federal taxes between 2013 and 2017, amounting to over $300,000.  *Id.* ¶¶ 17–18.  Although the United States informed Mr. Bryan of the assessments, he has not fully paid them.  *Id.* ¶¶ 19–21.  The government brings this action to reduce the federal tax assessments to judgment and foreclose those liens against the subject property.  *Id.* at 5.

Mr. Bryan was served on December 12, 2022, *see* ECF No. 25, but he has not filed a responsive pleading.  He has instead filed a series of documents with no apparent basis in the Federal Rules of Civil Procedure.  *See* ECF Nos. 14, 32, 34, 35, 38, 41, 43 & 44.

In the first of these, the "conditional acceptance," Mr. Bryan states he "do[es] not understand [the complaint's] demands and therefore cannot lawfully fulfill them."  Conditional Acceptance at 2.  He therefore "seek[s] verification and clarification" of the summons.  *Id.*

On the one hand, this first document purports to require the government to respond to a series of irrelevant questions.  S*ee, e.g., id.* at 4 ("Do we agree that the U.S. Department of Justice . . . and the Plaintiff . . . are private for profit corporations? If no answer is provided the answer is yes.").  In that way, it does not resemble any of the motions permitted by Federal Rule of Civil Procedure 12.  On the other hand, setting these questions aside, Mr. Bryan's statement that he does not understand the complaint and summons does resemble a motion for a more definite statement under Rule 12(e).  *See* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.").  Mr. Bryan is appearing *pro se*, so the court liberally construes this statement as a Rule 12(e) motion.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Rule 12(e) "is designed to strike at unintelligibility, rather than want of detail."  *Bernhard v. City of Tracy*, No. 20-2353, 2021 WL 2439667, at *3 (E.D. Cal. June 15, 2021) (citation omitted).  A motion under this rule "must identify defects and specify the details desired." *Comm. for Immigrant Rights of Sonoma Cty. v. Cty of Sonoma*, 644 F. Supp. 2d 1177, 1191 (N.D.

1   Cal. 2009) (citing Fed. R. Civ. P. 12(e)).  It "should be denied if a pleading meets federal

2   standards by providing a short and plain statement of the claim showing that the pleader may be

3   entitled to relief." *Lexington Ins. Co. v. Energetic Lath & Plastic, Inc.*, No. 15-0861, 2016 WL

4   829311, at *2 (E.D. Cal. Mar. 3, 2016) (citing Fed. R. Civ. P. 8(a)(2)).

5           The government's complaint meets federal pleading standards.  It identifies the factual

6   and legal bases for its claims, including dates and amounts for federal income tax liability

7   assessments between 2013 and 2017, *see* Compl. ¶¶ 17–18, and the two claims for relief, *see id.*

8   ¶¶ 24–29.  Moreover, the court finds no apparent ambiguity or vagueness in the complaint, and

9   Mr. Bryan points to none.  The motion is therefore **denied**.  Mr. Bryan must **file a responsive**

10  **pleading within fourteen days**.

11  **II.     OTHER FILINGS**

12          Mr. Bryan's other filings are nonsensical, frivolous, or both.  *See* ECF Nos. 32, 34, 35, 38,

13  41, 43 & 44.  District courts have inherent authority to control their dockets.  *Chambers v.*

14  *NASCO, Inc.*, 501 U.S. 32, 43 (1991).  This authority includes "strik[ing] items from the

15  docket . . . ." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (collecting

16  cases).  For example, courts often strike material "reflecting procedural impropriety or lack of

17  compliance with court rules or orders."  *Jones v. Metropolitan Life Ins. Co.*, No. 08-3971, 2010

18  WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010) (collecting cases).

19          Whether this court construes Mr. Bryan's serial filings as unauthorized supplemental

20  briefs or part of a broader strategy to promote "frivolous tax-defier arguments," *see* U.S. Resp. at

21  4, these filings have no basis in the Federal Rules of Civil Procedure, nor the relevant claims and

22  defenses in this case.  The filings thus reflect a disregard for procedural propriety.  Moreover, the

23  cluttered docket they are creating is confusing.  For example, Mr. Bryan filed a "Request for

24  Settlement," which does not contain such a request, and instead purports to have resolved this

25  case by directing the Department of Justice and this court's clerk "to settle and discharge . . . all

26  liens" associated with the matter using an alleged $1.75 billion fund.  Request for Settlement at 1,

27  3, ECF No. 43.  Similarly, in a document titled "Answer," Mr. Bryan does not respond to the

28  complaint, but instead purports to bind the United States to various admissions by omission

1    following the presentation of the Conditional Acceptance's question list. *See* Answer, ECF No.

2    32. The court therefore **strikes ECF Nos. 32, 34, 35, 38, 41, 43 & 44**.

3        In addition, the court warns Mr. Bryan it will not tolerate serial, meritless filings aimed at

4    delaying this case. "California's vexatious litigant statute, incorporated as a procedural rule by

5    Eastern District Local Rule 151(b), specifically defines scenarios in which a court may deem a

6    litigant vexatious." *AT&T Mobility LLC v. Yeager*, No. 13-0007, 2018 WL 1576036, at *1 (E.D.

7    Cal. Mar. 30, 2018), *aff'd*, 2022 WL 1046251 (9th Cir. Apr. 7, 2022) (Mem.) (unpub.). For

8    example, a court may deem litigants vexatious if they file serial meritless motions and employ

9    tactics designed to cause delay. *See* Cal. Civ. Proc. Code § 391(b)(3); *see also Yeager*, 2018 WL

10    1576036, at *3 (finding party a vexatious litigant due to "repeated" and "unmeritorious" filings,

11    causing "unnecessary delay"). This status may result in pre-filing restrictions. *See AT&T*

12    *Mobility LLC v. Yeager*, No. 13-0007, 2018 WL 5263026 (E.D. Cal. Oct. 23, 2018) (imposing

13    pre-filing restrictions on vexatious litigant).

14        Mr. Bryan's future filings must comply with all applicable laws and rules, as well as

15    Rule 11. He must not present filings "for any improper purpose," for example, and his filings

16    must have a basis in law and fact. *See* Fed. R. Civ. P. 11(b). Any failures to comply with Rule

17    11 may result in sanctions, including monetary sanctions or default judgment.

18    **III.   CONCLUSION**

19        The court construes ECF No. 14 as a motion for a more definite statement and **denies** the

20    motion. Mr. Bryan **must file a responsive pleading** to the complaint **within fourteen days**. The

21    court also **strikes** Mr. Bryan's numerous other filings. Lastly, the court cautions Mr. Bryan

22    against serial, meritless filings designed to delay this case if he wishes to avoid possible

23    sanctions.

24        The motion hearing set for March 10, 2023, is **vacated**.

25        This order resolves ECF Nos. 14, 29, and strikes ECF Nos. 32, 34, 35, 38, 41, 43 & 44.

26        IT IS SO ORDERED.

27    DATED: February 21, 2023.

CHIEF UNITED STATES DISTRICT JUDGE