UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK LINN BRYAN, et al.,<br><br>Defendants. | No. 2:22-cv-01962-DJC-AC<br><br><br><br>ORDER |

     Plaintiff has filed a Motion to Amend the Complaint (ECF No. 68) that is opposed by Defendants Mark Linn Bryan and Lori Bryan (ECF Nos. 69, 71.) Pursuant to Local Rule 230(g) the court will vacate oral argument, currently scheduled for July 6, 2023, and take this matter under submission on the papers filed by the parties.

     When considering whether to grant leave to file an amended complaint, Federal Rule of Civil Procedure 15(a)(2) instructs that "court[s] should freely give leave [to amend] when justice so requires." The decision to grant or deny an opportunity to amend is within the discretion of the District Court and leave to amend is generally granted unless there is an apparent reason to deny it such as undue delay, bad faith, or undue prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

     Defendant Lori Bryan argues that there was undue delay in Plaintiff seeking to amend and that permitting Plaintiff to amend their complaint would unduly prejudice

1

the Defendants by widening discovery due to new claims. (ECF No. 71.) Defendant's arguments are unpersuasive as this case is still in the pleading stage and discovery has not begun. *See Martinez v. City of West Sacramento*, No. 2:16-cv-02566-TLN-EFB, 2019 WL 469038, at *6 (E.D. Cal. Feb. 6, 2019) (finding no undue delay or prejudice where discovery has not commenced and trial is not imminent); *Miramontes v. Mills*, No. 11-cv-08603-MMM-SS, 2015 WL 13609449, at *4 (C.D. Cal. May 18, 2015) ("The fact that a defendant must take some additional discovery related to newly asserted claims does not alone demonstrate prejudice or weigh against granting leave to amend given the early stage of the litigation"); *Johnson v. Serenity Transp., Inc.*, No. 15-cv-02004-JSC, 2015 WL 4913266, at *5 (N.D. Cal. Aug. 17, 2015) (collecting cases).

Defendant Mark Linn opposes Plaintiff's motion on the grounds that the amended complaint "serves no purpose other than to place an unreasonable work burden on me." (ECF No. 69 at 2.) In effect, Defendant Mark Linn argues that granting Plaintiff leave to amend would be futile. (*See id.*) When considering the futility of an amended complaint "[the] proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1998) (citing 3 J. Moore, *Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974)), overruled on other grounds by *Ashcroft v. Iqubal*, 556 U.S. 662 (2009). Defendant's arguments are conclusory as Defendant only argues that the amended complaint is unlikely to succeed and does not "cure the defects found in the initial complaint . . . ." (ECF No. 69 at 3.) Conclusory arguments about the futility of amendment are insufficient to deny a motion to amend. *Johnson*, 2015 WL 4913266, at *3 (citing *Raifman v. Wachovia Secs., LLC*, No. 11-cv-02885-SBA, 2012 WL 1611030, at *3 (N.D. Cal. May 8, 2012)).

In light of the above, the Court finds that there is no apparent reason to deny Plaintiff's motion. Thus, Plaintiff's Motion to Amend the Complaint is GRANTED. Plaintiff's Motion to Dismiss (ECF No. 58) is DENIED as moot.

      Defendant Mark Linn Bryan has also filed a motion to compel discovery. (ECF No. 73.) Defendant states that he seeks discovery "to support [his] motion to dismiss". (Id. at 1–2.) Absent extraordinary circumstances, a motion to compel is premature when a case is still at the pleading stage. *See Duran v. City of Porterville*, No. 1:12-cv-1239-LJO-BAM, 2013 WL 12430031, at *1 (E.D. Cal. Jan 17, 2013). This action is still at the pleadings stage, and Defendant's motion does not establish that extraordinary circumstances exist to warrant granting Defendant discovery at this stage. Moreover, Defendant's motion is moot because of the Court's decision above to grant Plaintiff leave to amend. Accordingly, Defendant's Motion to Compel Discovery (ECF No. 73) is DENIED without prejudice to its renewal at a later stage of these proceedings.

      Finally, Defendant Mark Linn Bryan has filed a Motion to Vacate/Set Aside the Clerk's Entry of Default. (ECF No. 57.) This motion is unopposed by Plaintiff as they have sought to amend the complaint, thus necessitating new responsive pleadings from Defendants. (ECF No. 65.) In light of the Court's to grant Plaintiff leave to file an amended complaint and the Plaintiff's non-opposition to Defendant's motion, Defendant Mark Linn Bryan's Motion to Vacate/Set Aside the Clerk's Entry of Default is GRANTED.

      In accordance with the above and good cause appearing, IT IS HEREBY ORDERED that:

1. Pursuant to Local Rule 230(g) the Court takes under submission Plaintiff's Motion for Leave to Amend and VACATES the hearing set for July 6, 2023;
2. Plaintiff's Motion for Leave to Amend (ECF No. 68) is GRANTED;
3. Plaintiff must file the First Amended Complaint (as set forth in Exhibit A of Plaintiff's motion) on or before June 23, 2023. Defendants shall file responsive pleadings within twenty-one (21) days of service of the First Amended Complaint;
4. Defendant Mark Linn Bryan's Motion to Dismiss (ECF No. 58) is DENIED as moot;

5. Defendant Mark Linn Bryan's Motion to Compel (ECF No. 73) is DENIED without prejudice to its renewal at a later stage of these proceedings; and

6. Defendant Mark Linn Bryan's Motion to Vacate/Set Aside the Clerk's Entry of Default (ECF No. 57) is GRANTED; and

7. The Clerk of the Court is directed to vacate the entry of default as to Defendant Mark Linn Bryan (ECF No. 55).

IT IS SO ORDERED.

Dated: **June 16, 2023**

*/s/ Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – bryan22cv01962.amend