UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>  v.<br>MARK LINN BRYAN et al.,<br><br>    Defendants. | No. 2:22-cv-01962-DJC-AC<br><br><br>ORDER |

    Plaintiff the United States of America filed this action to reduce to judgment federal tax assessments against Defendant Mark Linn Bryan and to foreclose federal tax liens on Defendant's community property located in Lodi, California on October 31, 2022. (ECF No. 1.) Plaintiff amended its complaint on June 23, 2023, adding additional claims against Defendant. (ECF No. 76.) Defendant filed a Motion to Dismiss on July 21, 2023, arguing that (1) Internal Revenue Service ("IRS") Delegation Order 5-2 prohibits the IRS from determining his tax liability pursuant to 26 U.S.C. § 6020(b), and (2) the IRS cannot assess taxes against him because he does not deal in alcohol, tobacco, or firearms. (ECF No. 80.) Defendant subsequently filed a second Motion to Dismiss on August 8, 2023, arguing this Court lacks subject-matter jurisdiction, (ECF No. 85,) and four more Motions to Dismiss on August 25, 2023, arguing (1) this Court lacks personal jurisdiction, (ECF No. 92,) (2) Plaintiff failed to join

an indispensable party, (ECF No. 93,) (3) there was insufficient service of process, (ECF No. 94,) and (4) venue is improper, (ECF No. 96.)

For the reasons set forth below, these Motions will be DENIED.

## ANALYSIS

As a preliminary matter, the Court generally observes that many of the arguments raised in Defendant's Motions sound in sovereign citizen and/or "tax-defier" ideology. "Courts across the country have uniformly rejected arguments based on the sovereign citizen ideology as frivolous, irrational, or unintelligible." *Peyton v. Cates*, No. 21-cv-00740-DAD-EPG (PC), 2021 WL 4206432, at *5 (E.D. Cal. Sept. 16, 2021) (citations and quotations omitted). The Ninth Circuit has rejected arguments premised on the ideology as "utterly meritless." *See United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986). Thus, to the extent Defendant's arguments are based on such ideology, they are nothing more than "frivolous and nonsensical recitations of previously rejected arguments brought by other litigants hoping to avoid tax liability." *United States v. Schmidt*, No. 16-cv-985-RSL, 2017 WL 3385864, at *2 (W.D. Wash. Aug. 7, 2017). For the sake of judicial economy, the Court will only briefly address Defendant's arguments below.

Defendant's first Motion to Dismiss, (ECF No. 80,) was untimely, as the amended complaint was mailed to Defendant on June 23, 2023, which made Defendant's deadline to file a responsive pleading July 17, 2023. (ECF No. 75 at 3 ("Defendant[] shall file responsive pleadings within twenty-one (21) days of service of the First Amended Complaint.");) Fed. R. Civ. P. 5(b)(2)(C) ("[S]ervice is complete upon mailing."); *Hernandez v. Gates*, No. 00-cv-07163-GAF-AJWx, 2004 WL 291225, at *1 (C.D. Cal. Feb. 5, 2004) ("It is generally accepted that '[s]ervice by mail is accomplished, for purposes of Rule 5, when documents are placed in the hands of the United States Post Office or in a Post Office Box.'"); Fed. R. Civ. P. 6(d) (giving an additional three days when service is made by mail). Defendant filed his Motion on July 21, four days past the deadline.

Even if Defendant's Motion were timely, his arguments are largely unintelligible and meritless for the reasons stated in Plaintiff's Opposition.  (ECF No. 81.)  First, Defendant's contention that IRS Delegation Order 5-2[1] supposedly prohibits the IRS from determining an individual's tax liability pursuant to 26 U.S.C. § 6020(b) is untrue.  Congress empowered the Secretary of the Treasury to execute an income tax return for any person who fails to file a return.  *See* 26 U.S.C. § 6020(b).  Delegation Order 5-2 simply delegates this authority to various IRS employees.  Courts in this circuit have repeatedly recognized the authority of the IRS to prepare substitute income tax returns for taxpayers who do not file a Form 1040.  *See, e.g., Roat v. Comm'r*, 847 F.2d 1379, 1381 (9th Cir. 1988) (recognizing that "section 6020(b)(1) simply endows the Secretary with '[a]uthority' to execute a return" on behalf of a taxpayer who does not file one himself); *Rapp v. Comm'r*, 774 F.2d 932, 935 (9th Cir.1985); *In re Smith*, 527 B.R. 14, 18 (N.D. Cal. 2014), *aff'd*, 828 F.3d 1094 (9th Cir. 2016) ("Section 6020(b) refers to a return prepared by the IRS when the taxpayer fails to prepare a timely return or makes a false or fraudulent return, and the IRS must prepare the return based upon such information as it obtains itself."); *In re Ashe*, 228 B.R. 457, 460 (C.D. Cal. 1998) ("When a party fails to file a return, or willfully files a false or fraudulent return, the IRS shall prepare the return from its own information.").  Second, nothing in section 6020(b) limits its applicability to the internal revenue laws concerning alcohol, tobacco and firearms.  *See Stamos v. Comm'r of IRS*, No. 91–70121, 1992 WL 45780, at *1 n.1 (9th Cir. Mar. 4, 1992).  Thus, Defendant's Motion will be denied.

Defendant's successive Motion to Dismiss, (ECF Nos. 85), largely suffers from the same flaws as the first.  The Court has subject-matter jurisdiction over this matter

---

[1] Defendant requests the Court take judicial notice of Delegation Order 5-2.  Pursuant to Federal Rule of Evidence 201, courts shall take notice, when requested and provided with sufficient information, of facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Public records and government documents drawn from reliable sources on the Internet may be judicially noticed.  *See Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 879 (N.D. Cal. 2013).  The text of Delegation Order 5-2 was obtained from the IRS's website.  *See* https://www.irs.gov/irm/part1/irm_01-002-002#idm140033698032078 4.  Thus, the Court will take judicial notice of Delegation Order 5-2.

because Plaintiff's action arises under the Constitution, laws, or treaties of the United States. *See* U.S. Const. art. III, § 2 ("The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, [and] the Laws of the United States."); 28 U.S.C. § 1331. Defendant's arguments to the contrary are meritless, and his Motion will be denied.

Concerning Defendant's remaining Motions, the Court concurs with Plaintiff that Defendant waived his arguments concerning lack of personal jurisdiction, (ECF No. 92,) improper service, (ECF No. 94,) and improper venue, (ECF No. 96,) by failing to raise them in his first Motion to Dismiss. *See* Fed. R. Civ. P. 12(h)(1). Even if these arguments were not waived, they still fail on the merits. First, the Court has general jurisdiction over Defendant as he is domiciled in California. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (for an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile); (ECF No. 76 at ¶ 4.) Defendant's Motion does not contest this fact. (ECF No. 92.) Second, Plaintiff properly served Defendant under both Federal Rule of Civil Procedure 4(e)(2)(B) and California Code of Civil Procedure § 415.20(b) by leaving a copy of the summons, complaint, and other documents with Defendant's friend Craig (or Kraig) Patterson at Defendant's residence and thereafter mailing copies of the documents to Defendant. (*See* ECF No. 25 (proof of service).) Further, as Plaintiff has pointed out, Defendant filed a "Notice of Conditional Acceptance of Summons," (ECF No. 14,) within eight days of copies of the complaint and summons being left with Patterson, confirming Defendant's awareness of this suit. *See United States v. Kennedy*, No. 21-cv-01964-WBS-CKD, 2022 WL 4130719, at *4 (E.D. Cal. Sept. 12, 2022). Finally, venue is proper in this district because the community property Plaintiff seeks to foreclose on is located in Lodi, California, which is within this judicial district, and the tax liabilities at issue in this case arose in this judicial district. (*See* ECF No. 76 at ¶¶ 1, 4;) *see also* 28 U.S.C. §§ 1391(b), 1396; L.R. 120(d). Thus, these Motions will be denied.

////

4

Defendant's final Motion to Dismiss, which alleges Plaintiff failed to join an indispensable party, (ECF No. 93,) is similarly meritless.  Defendant alleges IRS Revenue Officer ("RO") David Barbearo, the officer assigned to collect Defendant's delinquent taxes, is an indispensable party to this action. (ECF No. 93 at 1–2.)  RO Barbearo is not a required party because his absence from this case does not prevent the Court from according complete relief among the existing parties, and RO Barbearo does not claim an interest in the subject of this action.  *See* Fed. R. Civ. P. 19(a)(1).  Accordingly, this Motion will be denied.

## CONCLUSION

For these reasons, Defendant's Motions to Dismiss (ECF Nos. 80, 85, 92, 93, 94, and 96) are DENIED.  Defendant is ORDERED to file an answer to Plaintiff's amended complaint, (ECF No. 76,) within 14 days of this order.

IT IS SO ORDERED.

Dated:   **September 20, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – bryan22cv1962.MTD