UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK LYNN BRYAN, et al.,<br><br>Defendants. | No. 2:22-cv-01962 DJC AC<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's motion for default judgment against two defendants: Citibank South Dakota, N.A. and Chase Manhattan Bank USA, N.A. ECF No. 126. The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19) and was taken under submission for hearing on the papers. ECF No. 127. For the reasons set forth below, the recommends plaintiff's motion be GRANTED.

**I.   Relevant Background**

The United States brought this action on October 31, 2022, to reduce to judgment certain outstanding federal tax assessments against Defendant Mark Linn Bryan and to foreclose federal tax liens on real property commonly known as 10301 Newfield Road, Lodi, CA 95240 ("Subject Property").[1] ECF No. 1. In this suit, the United States was required to name as defendants all

---

[1] The Subject Property is also sometimes known as 10301 E. Newfield Road, Lodi, CA 95240.

1

persons or entities "having liens upon or claiming any interest in the property." 26 U.S.C. § 7403(b). The United States accordingly named several lienholder defendants who may claim some interest in the Subject Property including, as relevant here, Chase and Citibank.

In 2007, Chase obtained two different judgments against Mr. Bryan in California state court. See ECF No. 126 at Exs. A (noting judgment entered on January 9, 2007); B (noting judgment entered on March 20, 2007). Chase recorded the first abstract of judgment on March 16, 2007, which was associated with case number LC37006 in the Superior Court of San Joaquin County, California. Ex. A. Chase recorded the second abstract of judgment on April 26, 2017. This abstract of judgment was associated with case number LC37081 in the Superior Court of San Joaquin County, California. See Ex. B. According to the motion, plaintiff performed a title search of the Subject Property, which showed that Chase never recorded a renewal of judgment for either judgment lien. ECF No. 126 at 2.

Citibank similarly obtained two different judgments against Mr. Bryan but, unlike Chase, Citibank attempted to renew its judgment liens. See ECF No. 126 at Exs. C (noting judgment entered on December 21, 2005); D (noting judgment entered on January 31, 2006). The first judgment was apparently recorded on January 10, 2006, and was associated with case number LC35542 in the Superior Court of San Joaquin County, California. See Ex. C (renewal of this judgment); see also Ex. E (showing Citibank filed a judgment lien against Mr. Bryan on January 10, 2006, based on the self-service portal of the San Joaquin County Assessor Recorder's website). Citibank recorded a renewal of the judgment on January 4, 2016. Ex. C. The second Citibank judgment lien was recorded on June 1, 2006, and it was associated with case number LC35590 in the Superior Court of San Joaquin County, California. See Ex. D. On January 24, 2018, Citibank filed another abstract of judgment which appears to be the renewal of judgment for this June 1, 2006 judgment lien. See Ex. F (noting case number LC35590 and a judgment date of January 31, 2006).

## II.    Motion

Defendant moves for default judgment against defendants Chase and Citibank only in this multi-defendant case. ECF No. 126. Both Chase and Citibank were named as defendants to this

action because they may have liens upon, or claim an interest, in the Subject Property. 26 U.S.C. § 7403(b). The United States filed this lawsuit on October 31, 2022. The United States served Chase on November 4, 2022, by personally serving an intake specialist of The Corporation Trust Company at 1209 Orange Street, Wilmington, Delaware—Chase's registered agent for service of process. ECF No. 7. Chase was required to appear or otherwise plead in this action no later than November 28, 2022. See Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Chase has not filed an answer or appeared in any other manner before the Court in this matter.[2] The United States requested that the Clerk of Court enter Chase's default on January 4, 2023, which the Clerk of Court did the next day. ECF Nos. 17, 21. Months later the United States filed an amended complaint, but none of the new claims added by amendment were against Chase (or Citibank). See ECF No. 76 (adding additional claims against defendants Mr. Bryan and Lori Bryan); Fed. R. Civ. P. 5(a)(2) (excusing personal service of a pleading asserting new claims for relief when the claims are not against the party in default).

Service on Citibank was completed later due to some unexpected complications with the United States' initial service. The United States, as it did for Chase, attempted to serve Citibank by serving its registered agent. ECF No. 6. However, months after its attempted service, and only days before the service deadline closed, the United States received a letter from the company it served stating the company was not the registered agent for Citibank. See ECF No. 82. However, by that time a lawyer had made an appearance on behalf of Citibank—an appearance which was later determined to be made in error. See ECF Nos. 82, 88. Because of these unexpected complications, the United States sought and obtained leave of Court to re-serve Citibank. ECF No. 82, 88. The United States personally served Bob Sedelmeier of Citibank, N.A.'s legal department—an individual authorized to accept service on behalf of Citibank N.A.—with the summons and a copy of both the original and amended complaint on August 31,

---

[2] The attorney in this case for defendant Central Mortgage Company made an appearance on behalf of both Chase and Citibank, but that appearance was made in error. See ECF No. 77 (motion to withdraw as counsel). The Court permitted the lawyer to withdrawal as counsel for these two defendants. ECF No. 88. The order also required Chase and Citibank to be re-served. Id.

3

2023, at Citibank, N.A.'s corporate offices in Sioux Falls, South Dakota. ECF No. 102. On September 6, 2023, the United States mailed copies of the served documents to Citibank N.A.'s address in Sioux Falls, South Dakota and Citigroup Inc.'s address in New York, New York. ECF No. 102-1. At the latest, service was deemed complete on September 16, 2023, so Citibank was required to appear or otherwise plead in this action no later than October 10, 2023. See Fed. R. Civ. P. 12(a)(1)(A)(i); see also Fed. R. Civ. P. 6(a)(1)(B)–(C). To date, Citibank has not filed an answer or appeared in any other manner. See supra note 3 (explaining that there was an appearance made in error on behalf of Citibank). The United States requested that the Clerk of Court enter Citibank's default on October 23, 2023, which the Clerk of Court did the next day. ECF Nos. 122, 123. Defendant now moves for default judgment against defendants Chase and Citibank only, in this multi-defendant case. ECF No. 126.

### III.   Analysis

A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily

disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").  A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. Geddes, 559 F.2d at 560; cf. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered pursuant to Federal Rule of Civil Procedure 37 that the default conclusively established the liability of the defaulting party).

   B. The Eitel Factors

      1. Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F.Supp.2d at 1177.  Here, plaintiff would suffer prejudice if the court did not enter a default judgment because it would be without recourse for recovery.  Accordingly, the first Eitel factor favors the entry of default judgment.

      2. Factors Two and Three: Merits of Claims and Sufficiency of Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries.  The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief

5

1  sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175.  Here, the merits
2  of the claims and sufficiency of the complaint favor entry of default judgment.

3        Plaintiff alleges that it was clear even when the United States named Chase and Citibank
4  as defendants that their liens were no longer valid, but the United States named them to clear any
5  questions as to title regarding their expired interests.  ECF No. 126 at 6.  Even though Chase and
6  Citibank appear to have properly filed multiple judgment liens each, both defendants failed to
7  properly renew their judgments.  Under California law, a judgment lien "continues until 10 years
8  from the date of entry of the judgment."  Cal. Civ. Proc. Code § 697.310(b) (emphasis added).  A
9  judgment creditor can extend the lien's validity for another 10 years if, "before the expiration of
10 the judgment lien, a certified copy of the application for renewal is recorded with the country
11 recorder."  Id. § 683.180(a) (emphasis added).

12       Chase recorded two abstracts of judgment in the San Joaquin County Assessor
13 Recorder's office, one with a date of judgment of January 9, 2007, and one with a date of
14 judgment of March 20, 2007.  See Exs. A, B.  This means that the judgment liens would expire on
15 January 9, 2017 and March 20, 2017, respectively, unless Chase filed a renewal of judgment
16 before those dates.  See Cal. Civ. Proc. Code §§ 697.310(b), 683.180(a).  Based on the title report
17 ordered by the United States and a search of the self-service portal on the San Joaquin County
18 Assessor Recorder's website, Chase never filed a renewal of judgment.  ECF No. 126 at 7.  Thus,
19 Chase does not have an interest in the Subject Property.

20       Citibank similarly recorded two abstracts of judgment, one with a date of judgment of
21 December 21, 2005, and one with a date of judgment of January 31, 2006.  See Exs. C, D, E.
22 This means that the judgment liens would expire on December 21, 2015 and January 31, 2016,
23 respectively, unless Citibank filed a renewal of judgment before those dates. See Cal. Civ. Proc.
24 Code §§ 697.310(b), 683.180(a).  Citibank, unlike Chase, apparently attempted to file renewals of
25 judgment to extend their judgment liens another 10 years, but they did not record these renewals
26 of judgment in time.  To be valid renewals of judgment, Citibank had to record a certified copy of
27 the application for renewal "before the expiration of the judgment lien."  Cal. Civ. Proc. Code
28 § 683.180(a).  Citibank did not record its application for and renewal of judgment for the

6

1  December 21, 2005 judgment until January 4, 2016.  Ex. C.  This was too late.  See id. §

2  697.310(b) ("[A] judgment lien created under this section continues until 10 years from the date

3  of entry of the judgment.").  The situation is the same for the January 31, 2006 judgment:

4  Citibank did not record what appears to be its renewal of judgment until January 24, 2018, after

5  the judgment had already expired.  See id.; Ex. F.  Based on the title report ordered by the United

6  States and a search of the self-service portal on the San Joaquin County Assessor Recorder's

7  website, Citibank did not record any other document which could have constituted a renewal of

8  these judgment liens.  ECF No. 126 at 7.  Accordingly, since Citibank did not renew its judgment

9  liens before they expired, Citibank does not have an interest in the Subject Property.  For both

10  Chase and Citibank, these two Eitel factors weigh in favor of the United States because neither

11  defendant bank has an interest in the Subject Property.

    3.  Factor Four: The Sum of Money at Stake in the Action

13  Under the fourth Eitel factor, the court considers the amount of money at stake in relation

14  to the seriousness of defendant's conduct.  Though the value of judgment amounts included on

15  the abstracts of judgment shows that the money at stake for Chase is around $25,000 and around

16  $48,000 for Citibank, it is clear for the reasons explained above that the entitlement to collect on

17  these judgments has expired.  Thus, there appears to be no money at stake for these defendants.

18  This factor weighs in favor of default judgment.

    4.  Factor Five: Possibility of Dispute Concerning Material Facts

20  The facts of this case are relatively straightforward, and plaintiff has provided the court

21  with well-pleaded allegations supporting its claims.  The court may assume the truth of well-

22  pleaded facts in the complaint (except as to damages) following the clerk's entry of default and,

23  thus, there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra Entm't

24  Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-

25  pleaded complaint are taken as true after the court clerk enters default judgment, there is no

26  likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219

27  F.R.D. at 500; PepsiCo, Inc., 238 F.Supp.2d at 1177.

28  ////

     5.   Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that the default was the result of excusable neglect. See PepsiCo, Inc., 238 F.Supp.2d at 1177. As discussed above, service was properly completed upon the defendants. Further, the motion for default judgment was served on defendants. ECF No. 136. Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendants failed to defend themselves in this action. Thus, the record supports a conclusion that the defendant has chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

     6.   Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Accordingly, although the court is cognizant of the policy favoring decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

     7.   Conclusion: Propriety of Default Judgment

Upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to the entry of default judgment against defendant. What remains is the determination of the amount of damages to which plaintiff is entitled.

C.   Terms of Judgment

Plaintiff seeks only injunctive relief and costs. Finding that plaintiff is entitled to the relief requested per the analysis above, it is hereby RECOMMENDED THAT an order be issued stating:

1. The United States' Motion for Default Judgment Against Citibank South Dakota, N.A. and Chase Manhattan Bank USA, N.A. be granted;

2. Judgment be entered in favor of the United States of America and against Chase Manhattan Bank USA, N.A., and that, pursuant to 26 U.S.C. § 7403(c), Chase Manhattan Bank USA, N.A. has no interest in the Subject Property and is not entitled to the proceeds of any sale of the Subject Property (defined in the United States' First Amended Complaint, ECF No. 76 at ¶¶ 1, 5–6);

3. Judgment be entered in favor of the United States of America and against Citibank South Dakota, N.A., and that, pursuant to 26 U.S.C. § 7403(c), Citibank South Dakota, N.A. has no interest in the Subject Property and is not entitled to the proceeds of any sale of the Subject Property (defined in the United States' First Amended Complaint, ECF No. 76 at ¶¶ 1, 5–6); and

4. As the prevailing party, the United States is entitled to its costs under Fed. R. Civ. P. 54(d).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 7, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE