UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:22-cv-01962-DJC-AC |
| Plaintiff, | |
| v. | ORDER |
| MARK LINN BRYAN et al., | |
| Defendants. | |

Pending before the Court is Plaintiff United States of America's Motion to Dismiss Defendant Mark Linn Bryan's Counterclaims ("Motion"). (ECF No. 139.) For the reasons set forth below, the Court will grant this Motion, and dismiss Defendant's counterclaims.

**BACKGROUND**

Plaintiff filed this action on October 31, 2022, to reduce to judgment federal tax assessments against Defendant and to foreclose federal tax liens on Defendant's property located in Lodi, California. (ECF No. 1.) Plaintiff filed an amended complaint on June 23, 2023, adding additional claims against Defendant. (ECF No. 76.)

On January 24, 2024, Defendant answered Plaintiff's First Amended Complaint. (ECF No. 133.) In his Answer, Defendant asserted two counterclaims for (1) an injunction against ongoing Internal Revenue Service ("IRS") levies and (2) a refund of levied amounts already collected. (*Id.*)

1

On March 25, 2024, Plaintiff moved to dismiss these counterclaims for lack of subject matter jurisdiction and for failing to state a claim. (ECF No. 139.) Defendant failed to timely oppose.

The Court issued an Order to Show Cause ("OSC") on April 19, 2024, ordering Defendant to show cause within seven days why the Court should not construe Defendant's failure to file a timely opposition as a non-opposition to Plaintiff's Motion. (ECF No. 144.) The Court warned Defendant that failure to respond to the OSC could result in dismissal of Defendant's counterclaims. (*Id.*) Defendant failed to respond.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss claims for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A challenge to subject matter jurisdiction may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). By contrast, a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id*. "When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Id*. (quoting *Hertz Corp v. Friend*, 559 U.S. 77, 96–97 (2010)).

## ANALYSIS

The Court holds that it lacks subject matter jurisdiction over Defendant's counterclaims because Plaintiff has not waived sovereign immunity as to those claims. Accordingly, the Court will dismiss the counterclaims.

The United States is a sovereign entity and may not be sued without its consent. *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087–88 (9th Cir. 2007). Thus, a

"waiver of sovereign immunity is a prerequisite to federal-court jurisdiction." *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011).

Under the Anti-Injunction Act ("Act"), a taxpayer cannot bring any action against the United States "for the purpose of restraining the assessment or collection of any tax" subject to certain exceptions. 26 U.S.C. § 7421(a); *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990) (listing the exceptions). Here, Defendant asserts that both of his counterclaims fall within a limited waiver of sovereign immunity contained in 26 U.S.C. § 6213(a). (*See* ECF No. 133.) Section 6213 provides that a taxpayer can sue to enjoin levies which began prior to the issuance of a notice of deficiency, or before the expiration of a 90-day period following issuance of such notice of deficiency. *See* 26 U.S.C. § 6213(a). That statutory provision also states that a court may issue a refund of any amount collected by any such levies. *Id*.

The waiver of sovereign immunity in 26 U.S.C. § 6213(a) does not apply to Defendant's counterclaims. Plaintiff has provided proof that the IRS sent Defendant a notice of deficiency on October 23, 2018.[1] (Torres Decl. (ECF No. 139-1) Ex. 2, Ex. 3.) Plaintiff has also provided proof that the IRS did not assess taxes against Defendant until April 29, 2019, or begin levying any amounts until at least August 19, 2019, well past the required 90-day period. (Id. Ex. 4.) Thus, the Court does not have jurisdiction over Defendant's counterclaims. *See, e.g., Elias*, 908 F.2d at 523–24 (affirming that the district court did not have jurisdiction where the IRS did not assess, levy, or collect any of the deficiencies either before the notices were sent or during the ninety-day period after the notices were sent). Defendant relies on no other statutory provision to establish a waiver of sovereign immunity.

Accordingly, Defendant's counterclaims must be dismissed for lack of subject-matter jurisdiction.

////

---

[1] Such evidence is permitted as Plaintiff mounts a factual attack to Defendant's counterclaims.

**CONCLUSION**

In accordance with the above, it is hereby ORDERED:

1. Plaintiff's Motion to Dismiss (ECF No. 139) is GRANTED;
2. Defendant's counterclaims are DISMISSED without prejudice;
3. Should Defendant wish to amend his counterclaims, he may file a request for leave to amend with the Court and shall attach his proposed amended answer as an exhibit to his moving papers; and
4. The motion hearing set for 5/9/2024 at 1:30 PM is VACATED.

IT IS SO ORDERED.

Dated:  **May 1, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – Bryan22cv1962.MotDismiss

4