1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   UNITED STATES OF AMERICA,              No.  2:22-cv-01962-DJC-AC

11                  Plaintiff,

12        v.                                ORDER

13   MARK LINN BRYAN et al.,

14                  Defendants.

15

16        On October 29, 2024, Defendant Mark Linn Bryan filed an Amended Motion to

17   Dismiss ("Amended Motion") challenging this Court's subject matter jurisdiction.  (Am.

18   Mot. Dismiss (ECF No. 163).)  The Court previously denied Defendant's Motion to

19   Dismiss (ECF No. 160) brought on the same basis.  (ECF No. 161.)  Therefore, this

20   Court construes Defendant's Amended Motion as a motion for reconsideration.

21        Defendant's Amended Motion will be DENIED.  Defendant has not

22   demonstrated that reconsideration is warranted by (1) presenting newly discovered

23   evidence, (2) showing that the Court committed clear error, or (3) establishing that

24   there has been an intervening change in the controlling law.  *See Marlyn*

25   *Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009);

26   *see also* E.D. Cal. L.R. 230(j).  As with Defendant's prior Motions to Dismiss (*see* ECF

27   Nos. 80, 85, 92, 93, 94, 96, 118, 160), Defendant's argument is difficult to understand.

28   From what the Court can decipher, Defendant argues that the Supreme Court's recent

                                             1

decision in *Moore v. United States*, 144 S. Ct. 1680 (2024) clarified that federal income tax is an indirect tax under Article I, Section 8, Clause 1 of the Constitution, not a direct tax authorized under the Sixteenth Amendment.  (Am. Mot. Dismiss at 3.)  Defendant argues "[t]here is absolutely no constitutional subject-matter jurisdiction granted to enforce the federal personal income tax as a non-apportioned direct tax under alleged authority of the 16th Amendment, rather than as a uniform indirect tax under authority of Article I, Section 8, clauses 1 and 18."  (*Id.* at 8.)

In *Moore*, the Supreme Court explained that Article I of the Constitution affords Congress broad power to "lay and collect Taxes, Duties, Imposts and Excises" which includes two great classes of taxes—direct taxes and indirect taxes.  144 S. Ct. at 1687 (quoting Art. I, § 8, cl. 1).  "Generally speaking, direct taxes are those taxes imposed on persons or property."  *Id.*  "By contrast, indirect taxes are the familiar federal taxes imposed on activities or transactions," including "income taxes."  *Id.* at 1688.  "Because income taxes are indirect taxes, they are permitted under Article I, §8 without apportionment."  *Id.*  The Sixteenth Amendment, which was ratified in 1913, expressly confirmed that taxes on income—including taxes on income from property—are indirect taxes that need not be apportioned.  *Id.*

Defendant does not explain how the Supreme Court's holding supports his conclusion that the Court lacks subject matter jurisdiction here.  Congress has the power to levy federal personal income taxes, whether considered direct or indirect, under the Sixteenth Amendment.  *See* U.S. Const. amend. XVI ("The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration."); *see also Jones v. IRS*, No. CV 12-00022-BU-DLC, 2012 WL 5334631, at *2 (D. Mont. Oct. 26, 2012) ("Since the ratification of the Sixteenth Amendment, whether an income tax is a direct or indirect tax is immaterial.").  The United States of America has alleged Defendant did not pay his federal income taxes from 2014–2017 in violation of federal tax law.  (First Am. Compl. (ECF No. 76) ¶¶ 19–25.)  Federal

1  district courts have original jurisdiction of cases encompassing disputes "arising under

2  the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  In addition,

3  the United States asserts jurisdiction under 26 U.S.C. § 7402 (granting original

4  jurisdiction to the district court to render judgments necessary or appropriate for the

5  enforcement of the internal revenue laws) and § 7403 (directing that a civil action be

6  filed in the district court to enforce the United States' tax liens), as well as 28 U.S.C.

7  § 1340 (granting original jurisdiction to the district courts over any civil action arising

8  under the Internal Revenue Code) and § 1345 (granting original jurisdiction to the

9  district courts over any civil action commenced by the United States).  (First Am.

10  Compl. ¶ 3.)  This is sufficient at this stage to establish subject-matter jurisdiction.

11      Accordingly, Defendant's Amended Motion will be denied.

**CONCLUSION**

13      Defendant's Amended Motion to Dismiss (ECF No. 163) is DENIED.

15      IT IS SO ORDERED.

16  Dated:   **November 1, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – Bryan22cv1962.MotReconsideration

3