UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARK LINN BRYAN et al.,

Defendants.

No.  2:22-cv-01962-DJC-AC

ORDER

Defendant Mark Linn Bryan has moved for leave to appeal this Court's Orders denying his Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 160) and Motion to Dismiss for Lack of Standing (ECF No. 171).  (Mot. Interlocutory Appeal (ECF No. 173); *see also* Minute Order (ECF No. 161) (denying Defendant's Motion to Dismiss (ECF No. 160)); Minute Order (ECF No. 172) (denying Defendant's Motion to Dismiss (ECF No. 171).)

Generally, a party may appeal only after final judgment.  *Romoland Sch. Dist. v. Inland Empire Energy Ctr.*, 548 F.3d 738, 747 (9th Cir. 2008).  In narrow circumstances, however, a district court has authority to certify a question for interlocutory appeal before final judgment.  *See* 28 U.S.C. § 1292(b); *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  The party seeking certification of an interlocutory appeal bears the burden of establishing three elements: (1) the order involves a controlling question of law, (2) there is substantial ground for differences of opinion as to the

1  question for which certification is sought, and (3) an immediate appeal may materially

2  advance the ultimate resolution of litigation.  28 U.S.C. § 1292(b).  "Certification under

3  § 1292(b) requires the district court to expressly find in writing that all three § 1292(b)

4  requirements are met."  *Couch*, 611 F.3d at 633.  Interlocutory appeals are granted

5  "sparingly and only in exceptional cases."  *United States v. Woodbury*, 263 F.2d 784,

6  788 n.11 (9th Cir. 1959).

7          Here, Defendant argues (1) there is a controlling question of law as to whether

8  his due process rights were violated because the Court ruled on his motions before

9  Plaintiff formally opposed them; (2) there is substantial ground for difference of

10  opinion as to the Court "relieving the Plaintiff's counsel of his duty to answer" as

11  Plaintiff has "not offered proof of subject matter jurisdiction" or "proof of United States

12  of America's standing to sue on the record"; and (3) an immediate appeal may

13  materially advance the litigation as the case will have to be dismissed if the Plaintiff

14  cannot show standing to sue.  (Mot. Interlocutory Appeal at 2.)

15          Defendant fails to present either a controlling question of law or a substantial

16  ground for difference of opinion.  In the context of section 1292(b), a "'question of law'

17  means a 'pure question of law,' not a mixed question of law and fact or an application

18  of law to a particular set of facts."  *Barrer v. Chase Bank, USA, N.A.*, No. 06-415-HA,

19  2011 WL 1979718, at *4 (D. Or. May 18, 2011).  Here, Defendant takes issue with this

20  Court ruling on standing and subject matter jurisdiction before Plaintiff "offered proof"

21  of either, arguing he was denied his due process rights as a result.  Thus, Defendant's

22  due process claim involves the application of law to his specific set of facts, an issue

23  inappropriate for resolution on interlocutory appeal.  In addition, as this Court has

24  previously explained (*see* ECF No. 167 at 2), that Defendant "strongly disagrees" with

25  this Court's rulings is not a sufficient ground to justify certification for interlocutory

26  appeal.  *Couch*, 611 F.3d at 633; *see also Mitchell v. Patenaude & Felix APC*, No. C19-

27  809 JLR-TLF, 2019 WL 8060144, at *5 (W.D. Wash. Oct. 10, 2019) ("Although

28  defendant might strongly disagree with the Court's prior ruling, this alone is

2

1    insufficient to meet defendant's burden."), *adopted*, 2020 WL 241937 (W.D. Wash.

2    Jan. 16, 2020).  "Courts traditionally will find that a substantial ground for difference of

3    opinion exists where the circuits are in dispute on the question and the court of

4    appeals of the circuit has not spoken on the point, if complicated questions arise

5    under foreign law, or if novel and difficult questions of first impression are presented."

6    *Couch*, 611 F.3d at 633 (internal citations and quotation marks omitted).  Defendant

7    has not demonstrated such a dispute exists here.

8         Indeed, the Court relieved Plaintiff of its requirement to respond to Defendant's

9    filings for good reason.  At the outset of this case, Defendant filed six motions to

10   dismiss between July and August of 2023.  (*See* ECF Nos. 80, 85 92–94, 96.)  Plaintiff

11   opposed each motion.  (*See* ECF Nos. 81, 90, 99.)  The Court denied those motions

12   thereafter, noting Defendant's claims were largely frivolous and sounded in sovereign

13   citizen and/or tax-defier ideology.  (*See* ECF No. 107.)  Following that ruling,

14   Defendant filed yet another motion to dismiss on October 18, 2023.  (ECF No. 118.)

15   The Court denied that motion, finding it was as frivolous as Defendant's prior six

16   motions.  (ECF No. 121.)  Additionally, because "Defendant ha[d] previously been

17   advised to refrain from frivolous filings and warned that additional filings of this nature

18   could result in sanctions," the Court ordered that "all further filings by Defendant

19   w[ould] be deemed submitted with no responsive pleading required by the United

20   States unless expressly requested by the Court."  (*Id.*)  Since that time, Defendant has

21   continued to file frivolous motions to dismiss (*see* ECF Nos. 160, 163, 171),

22   demonstrating the necessity of the Court's order.  Thus, the Court will not remove this

23   limitation on Defendant's filings, as much as Defendant may disagree.

24   ////

25   ////

26   ////

27   ////

28   ////

**CONCLUSION**

Accordingly, Defendant's Motion for Leave to File an Interlocutory Appeal (ECF No. 173) is DENIED.

IT IS SO ORDERED.

Dated:   **April 1, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – Bryan22cv1962.MotInterlocAppeal

4