UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:22-cv-1962 DJC AC |
| Plaintiff, | |
| v. | ORDER |
| MARK LINN BRYAN, et al. | |
| Defendants. | |

Pending before the court is Mark Linn Bryan's motion for reconsideration, which asks the undersigned to reconsider a prior order summarily denying a motion to compel discovery that was filed after the discovery period closed (ECF No. 222). ECF No. 224. Bryan is appearing in in pro se.

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925–26 (9th Cir. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered

1

by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The moving party must also show "why the [new] facts or circumstances were not shown at the time of the prior motion." Id.

Bryan's motion to reconsider is plainly frivolous. Discovery is closed. ECF No. 193. Bryan does not dispute this. ECF No. 224 at 1. Bryan offers no legal or factual rationale whatsoever why the court should consider his untimely motion to compel discovery. Id. The motion to reconsider (ECF No. 224) is accordingly DENIED. ECF No. 224.

Further, defendant Mark Linn Bryan has already been reprimanded and "strongly advised to refrain from further meritless and frivolous filings and is hereby warned that additional filings of this nature *could result in sanctions*." ECF No. 112 (emphasis added). The court has also reprimanded Mr. Bryan for failing to comply with Local Rule 251, which governs discovery-related motions. ECF No. 187. Discovery in this case is closed, and no further discovery-related motions will be entertained. Should Mr. Bryan file another discovery motion, the motion will be summarily denied and he will be fined in the amount of $50.00 per motion.

IT IS SO ORDERED.

DATED: November 17, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE